THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LeDARRION McCRAY, #Y33420, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-01282-GCS |
| | ) |
| JOSE A. VILLAZON-SANCHEZ, | ) |
| JAMES WIZKAMP, | ) |
| ROBERT O'LEARY, | ) |
| and NATHAN WALKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff LeDarrion McCray, an inmate in the custody of the Illinois Department of ("IDOC") and currently incarcerated at Pontiac Correctional Center, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that prison officials tampered with his food and used excessive force against him at Pinckneyville Correctional Center, in violation of his rights under the Eighth Amendment. He seeks money damages. *Id*.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires screening of prisoner complaints and dismissal or any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant.[1] *Id*. The factual allegations are liberally construed at this stage. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court has jurisdiction to screen the Complaint, due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7) and the limited consent by the IDOC to the

Page **1** of **9**

## THE COMPLAINT

The Complaint and exhibits set forth the following allegations (Doc. 1, p. 6-7, 11, 13-49): Officer Villazon-Sanchez repeatedly spit into Plaintiff's food and denied his requests for replacement meal trays in 2024. Plaintiff reported the food contamination to Officer Wizkamp, Sergeant Walker, and Lieutenant O'Leary, but they denied or disregarded his requests for replacement meal trays. Plaintiff missed multiple meals because he would not eat the contaminated food. *Id.*

Desperate to get the staff's attention, Plaintiff set a small fire in his cell's food slot door on December 30, 2024. Officer Villazon-Sanchez responded by emptying an entire fire extinguisher into Plaintiff's cell, even though the fire was limited to the food slot box. Officer Wizkamp threatened to spray Plaintiff with mace, if he did not extend his hands through the food slot door to cuff up. Plaintiff protested because the food slot door was still hot from the fire. When Officer Wizkamp again threatened to spray him, Plaintiff extended his hands through the food slot door as ordered. Officer Villazon-Sanchez Intentionally held Plaintiff's hands and arms against the hot door and burned him. When Plaintiff screamed out in pain, the officer said, "[Y]ou shouldn't have started the fire you dumb ass." *Id.* at 7. Sergeant Walker told Officer Villazon-Sanchez to stop, and he did. Plaintiff was then taken to the prison's health care unit for treatment of his injuries. *Id.*

---

exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

Despite Plaintiff's repeated complaints, Defendants would not deliver him uncontaminated meal trays, move him away from Officer Villazon-Sanchez, or remove Officer Villazon-Sanchez from his cellhouse. *Id*.

## DISCUSSION

The Court designates the following enumerated counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendant Villazon-Sanchez for repeatedly spitting into Plaintiff's food and refusing to give him a replacement meal tray in or around December 2024.

**Count 2**: Eighth Amendment claim against Defendants Wizkamp, Walker, and O'Leary for denying or disregarding Plaintiff's request for uncontaminated meal trays after learning that Defendant Villazon-Sanchez spit into his food in or around December 2024.

**Count 3:** Eighth Amendment claim against Defendant Villazon-Sanchez for emptying an entire fire extinguisher into Plaintiff's cell when the food slot box was on fire and then holding his hands and arms against the hot food slot door to burn him on or around December 30, 2024.

**Count 4**: Eighth Amendment claim against Defendants Wizkamp, Walker, and O'Leary for failing to intervene and protect Plaintiff from this use of unauthorized force by Defendant Villazon-Sanchez on or around December 30, 2024.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

All Eighth Amendment claims consist of an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 832-834 (1994). The objective component requires a

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

plaintiff to demonstrate that he was denied the "minimal civilized measure of life's necessities," including food, shelter, safety, or medical care. *Id*. The subjective component requires the plaintiff to show that each defendant responded to the deprivation with deliberate indifference, which occurs when a defendant knew of and disregarded an excessive risk to the inmate's health or safety. *Id*.

Counts 1 and 2 satisfy both components of this claim at screening. The Constitution requires that "prison officials provide inmates with nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citation and quotations omitted); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Plaintiff alleges that Officer Villazon-Sanchez contaminated his food by spitting into it on numerous occasions, and all defendants refused to provide Plaintiff with replacement meal trays. Plaintiff was thus forced to choose between consuming contaminated food or skipping meals altogether. Count 1 survives screening against Defendant Villazon-Sanchez, and Count 2 survives review against Defendants Wizkamp, Walker, and O'Leary. *See, e.g.*, *LaCroix v. Neal*, Cause No. 3:23-CV-364-DRL-MGG, 2023 WL 4930126, at *2 (N.D. Ind. July 31, 2023) (noting that plaintiff articulated Eighth Amendment claim against prison official who knowingly allowed inmates to spit in his food and refused to provide new food tray); *Metras v. Pollard*, No. 07-C-336, 2007 WL 1461296, at *3 (E.D. Wisc. May 16, 2007) (noting that plaintiff stated Eighth Amendment claim against staff for spitting in his food because "spittal-contaminated

food, even if it is not nutritionally compromised, can raise serious sanitary and human decency concerns.").

Count 3 also satisfies the objective and subjective components of an Eighth Amendment claim. The Eighth Amendment protects inmates from the unauthorized use of force. The "core requirement" for this claim is that a defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). When considering whether an officer's use of force was legitimate, courts consider the need for application of force, the amount of force used, and the extent of the injury suffered by the inmate. *Id*. The allegations suggest that Officer Villazon-Sanchez used unnecessary force when responding to the fire in Plaintiff's cell, by emptying an entire fire extinguisher into the cell when the fire was limited to the food slot box and/or holding Plaintiff's hands and arms against the hot food slot door when cuffing him. Count 3 survives screening against Officer Villazon-Sanchez as an excessive force claim.

Count 4 survives review against Officer Wizkamp for failing to protect Plaintiff from the use of excessive force by Officer Villazon-Sanchez. Officials who "have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so" may be liable under § 1983. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Plaintiff alleges that Officer Wizkamp was present when Officer Villazon-Sanchez used excessive force against him, and the officer facilitated its use. Officer Wizkamp threatened to spray Plaintiff with mace if he did not place his hands in the hot food slot door and then watched as Officer Villazon-Sanchez

held his hands and arms against the hot door and burned him. Count 4 will proceed against Officer Wizkamp.

However, this claim will be dismissed without prejudice against Sergeant Walker and Lieutenant O'Leary. Plaintiff alleges that when Sergeant Walker observed Officer Villazon-Sanchez mistreat him, the sergeant ordered Officer Villazon-Sanchez to stop, and he complied. Plaintiff makes no allegation that Lieutenant O'Leary was aware of or present during the incident on December 30, 2024. Count 4 will be dismissed without prejudice for failure to state a claim against both these defendants.

## PENDING MOTION

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 12) is **DENIED** without prejudice. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has demonstrated only minimal efforts to find an attorney, by submitting one letter and two postage payment authorizations as proof of his efforts to obtain counsel. He should continue trying to contact attorneys about representation by phone, email, or mail. Plaintiff should also provide documentation of his ongoing efforts when filing a new motion. For now, the Court finds that Plaintiff appears competent to litigate this matter *pro se*. The Complaint survives screening on four straightforward claims arising under the Eighth Amendment. There is nothing for him to do to move this case forward until the defendants are served (or waive service) and answer. The Court will then enter a Scheduling and Discovery Order with detailed instructions and

deadlines for litigation. If litigation becomes too difficult at a later stage, Plaintiff may file a new motion.

## DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and the following claims will proceed against the below-listed defendants:

- **COUNTS 1** and **3** against **JOSE A. VILLAZON-SANCHEZ**, in an individual capacity;

- **COUNT 2** against **JAMES WIZKAMP, NATHAN WALKER,** and **ROBERT O'LEARY**, in their individual capacities; and

- **COUNT 4** against **JAMES WIZKAMP**, in an individual capacity.

These claims are dismissed against all other defendants without prejudice for failure to state a claim upon which relief may be granted.

As for **Counts 1, 2, 3,** and **4**, the Clerk of Court shall prepare for **ALL DEFENDANTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants should only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**Because one or more claims involves allegations of injuries requiring medical treatment, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED: November 20, 2025.

*Gilbert C Sison*

Digitally signed by Gilbert C Sison
Date: 2025.11.20 13:55:57 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**