THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LeDARRION McCRAY, #Y33420, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-cv-01282-GCS |
| | ) | |
| JOSE A. VILLAZON-SANCHEZ, | ) | |
| JAMES WIZKAMP, | ) | |
| ROBERT O'LEARY, | ) | |
| and NATHAN WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SISON, Magistrate Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from food tampering and the alleged use of excessive force at Pinckneyville Correctional Center. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 14). Plaintiff was allowed to proceed with claims against Defendants Jose Villazon-Sanchez (Counts 1 and 3), James Wizkamp (Counts 2 and 4), Robert O'Leary (Count 2), and Nathan Walker (Count 2). *Id.*

All defendants, except Nathan Walker, have answered the Complaint. (Doc. 31). Litigation cannot proceed until Walker is served, appears, and answers. To move this matter forward, the Court entered the following Order on January 23, 2026 requiring Plaintiff to provide additional information about this defendant:

> ORDER: This action is before the Court for the purpose of docket control. As of today, Defendant Nathan Walker has not been served. A request for waiver of service was issued to Defendant Nathan Walker on November 20, 2025, and was

not returned as Pinckneyville Correctional Center was unable to identify Defendant Nathan Walker as an employee (Doc. 15). IT IS THEREFORE ORDERED that Plaintiff provide additional information (i.e., physical description, date and time of alleged interaction giving rise to this lawsuit, etc.) to the Clerk of Court and file a notice of such, to identify Defendant Nathan Walker. Plaintiff SHALL provide said information by February 23, 2026, so that process may be served upon him. Plaintiff is WARNED that his failure to comply with this Order may result in dismissal of Defendant Walker from this lawsuit.

(Doc. 30) (emphasis in original).

Plaintiff did not respond to the Court's Order before or after the deadline of February 23, 2026.  He also did not seek an extension of time to provide information to help identify and serve this defendant. The deadline expired more than three weeks ago, and Plaintiff has not communicated with the Court about this matter. The Court will not allow litigation to linger.

Defendant Nathan Walker is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Order (Doc. 30) and his failure to prosecute his claims against this Defendant. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).  Judgment shall be entered accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: March 20, 2026.**

Digitally signed by
Judge Sison
Date: 2026.03.20
13:48:50 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **2** of **2**